

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. AP-76,925

### EX PARTE CATHY LYNN HENDERSON, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS FROM CAUSE NO. 94-2034 IN THE 229TH DISTRICT COURT FROM TRAVIS COUNTY

**ALCALA, J., filed a concurring opinion.**

### CONCURRING OPINION

Like the majority of the Court, I conclude that the death sentence imposed against Cathy Lynn Henderson, applicant, must be vacated and that she must receive a new trial for the charge of capital murder of Brandon Baugh. In reaching this conclusion, I follow the recommendation of the trial court and the State's attorney and join the Court's majority opinion granting relief. I also join the concurring opinion by the Honorable Judge Cochran with two exceptions. I disagree with her conclusions that (1) this case is the same as *Ex parte*

*Robbins*, 360 S.W.3d 446 (Tex. Crim. App. 2011), and (2) this case permits us to decide whether there is a due-process violation outside the context of a death-penalty case. I write separately to explain why I conclude that this case presents more compelling reasons for granting relief than those presented in *Robbins*. *See id*.

In *Robbins*, this Court denied the applicant relief. *Id*. at 448. If this case was factually identical to *Robbins*, the same precedent that was used to deny relief in *Robbins* would compel denying relief in this case. *See id*. Instead, the Court grants relief in this case. I conclude that, although they share many factual similarities, *Robbins* and this case differ as to the findings of fact rendered by the respective trial courts: This trial court finds that new scientific evidence is the basis for ordering a new trial, whereas the *Robbins* trial court found that use of false evidence was the basis for ordering a new trial. *Id*. at 457.

The *Robbins* trial court's findings stated that medical examiner "Dr. Moore's trial opinions were not true. They were based on false pretenses of competence, objectivity, and underlying pathological reasoning, and were not given in good faith." *Id*. at 477 (Alcala, J., dissenting). The trial court characterized Dr. Moore's testimony as "expert fiction calculated to attain a criminal conviction." *Id*. Furthermore, the trial court found that Dr. Moore was "biased toward the State" at the time she testified. *Id*. at 474 (Cochran, J., dissenting). In my dissenting opinion in *Robbins*, I concluded that the record supported the trial court's characterization concerning the falseness of the testimony and that the use of that testimony violated the Due Process Clause of the Fourteenth Amendment. *Id*. at 476-77 (Alcala, J.,

dissenting); *see also Ex parte Chabot*, 300 S.W.3d 768, 770-71 (Tex. Crim. App. 2009); *Ex parte Napper*, 322 S.W.3d 202, 242 (Tex. Crim. App. 2010).

Here, the trial court has not made any factual findings to suggest that, at the time that it was introduced, the medical evidence underlying applicant's conviction was known to have been false. More specifically, nothing in the trial court's findings suggests that Dr. Bayardo based his testimony on false pretenses of competence, a lack of objectivity, prosecutorial bias, or expert fiction calculated to attain a criminal conviction. The absence of these types of findings distinguishes this case from *Robbins* and renders it a new-science case rather than a false-testimony case. *Compare id*. at 457. As Judge Cochran accurately observes in her concurring opinion today, Dr. Bayardo's testimony was "based upon the state of the scientific knowledge" and was not known to have been false at the time it was given. For this reason, I join Judge Cochran's opinion today, although I did not in *Robbins*. *See id*. at 476 n.1 (Alcala, J., dissenting).

In *Robbins*, I explained that I did not join Judge Cochran's dissenting opinion "because the change in Dr. Moore's testimony is not due to new scientific principles but is instead, according to her, due to her having more experience as a medical examiner, and according to the trial court's findings, due to her trial testimony being the result of prosecutorial bias." *Id*. Today, I join Judge Cochran's concurring opinion because this case falls squarely within her assertion that executing a defendant whose conviction is premised

on now-discredited scientific theories violates due process, even though those scientific theories were once considered valid and true at the time they were applied.

Furthermore, although I disagree with the Honorable Judge Price's analysis of *Robbins*, I agree with his conclusion that this case presents a stronger reason to grant relief than that presented in *Robbins*: Without relief, applicant will be executed for a conviction that we now know was premised largely on faulty science.

The Supreme Court has succinctly observed that "the penalty of death is qualitatively different from any other sentence." *Lockett v. Ohio*, 438 U.S. 586, 604 (1978) (internal quotations omitted). Among these differences is that a death sentence "is unique in its total irrevocability." *Furman v. Georgia*, 408 U.S. 238, 306 (1972) (Stewart, J., concurring). The Court has held that the "qualitative difference between death and other penalties calls for a greater degree of reliability when the death sentence is imposed." *Lockett*, 438 U.S. at 604. This heightened need for reliability requires a mechanism that enables judicial enforcement of that sentence to evolve with the science that serves as the basis for imposition of that sentence.

Whether we ultimately apply the faulty-science theory to due-process complaints beyond the death-penalty context is a question for another day. The holding of this case is quite narrow: Due process prohibits the execution of a person when faulty science was essential to the State's establishment of an element necessary for conviction—here, that the cause of death of the complainant was intentional—and the habeas record shows that today's

scientific community reaches a different consensus—here, that the cause of death is undetermined.

In accordance with the trial court's recommendation, I join in the Court's judgment granting relief and remanding for a new trial.

Alcala, J.

Filed:  December 5, 2012

Publish